Seth M. Lehrman (178303)
seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile:  954-524-2822

Attorneys for Plaintiff
Retina Associates Medical Group, Inc.

Robert Freund
robert@robertfreundlaw.com
ROBERT FREUND LAW
10866 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Telephone: 323-553-3407

Attorneys for Defendants
Pick Research Solutions, Inc.
and David L. Pick

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RETINA ASSOCIATES MEDICAL GROUP, INC., individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PICK RESEARCH SOLUTIONS, INC. d/b/a PICK RESEARCH SOLUTIONS and DAVID L. PICK d/b/a PICK RESEARCH SOLUTIONS,<br><br>　　　　　　Defendants. | Case No. 8:19-cv-01592-JLS-DFM<br><br>[Assigned to the Hon. Josephine L. Staton]<br><br>**JOINT STIPULATION FOR DISMISSAL**<br><br>Action Filed: August 19, 2019 |

1.     Plaintiff Retina Associates Medical Group, Inc. ("Plaintiff") and Defendants Pick Research Solutions, Inc. d/b/a Pick Research Solutions and David L. Pick d/b/a Pick Research Solutions, ("Defendants") through counsel, submit this Joint Motion for Dismissal pursuant to the FRCP 41(a)(1)(A)(ii).

2.     Plaintiff filed its class action complaint on August 19, 2019, asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The proposed class has not been certified. The parties have reached a settlement (the "Settlement") which resolved this putative class action on an individual basis and have done nothing to limit or impair the potential class claims. A copy of the Settlement Agreement will be sent to Judge's chambers via email following the filing of this stipulation.

3.     "To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.'" *Tombline v. Wells Fargo Bank*, N.A., No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)) (recognizing that, based on 2003 amendments to Fed. R. Civ. P. 23, there is "'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals"). The purpose of analyzing these so-called *Diaz* factors "is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Id.* (quoting *Lyons v. Bank of America, NA*, No. C 11-1232 CW, 2012 W L 5940846, at *1 (N. D. Cal. Nov. 27, 2012).

4. As to the first *Diaz* factor, the parties represent that they know of no absent putative class members who are relying on the pendency of this putative class action.

5. Plaintiff is not aware of any media attention paid to this case and has not received any inquiries from others regarding the action. The putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way.

6. As to the second *Diaz* factor, the pendency of this putative class action tolled the statute of limitations applicable to any individual or class claims based on the same facts and circumstances. *See, e.g., Resh v. China Agritech, Inc.,* 857 F.3d 994, 1005 (9th Cir. 2017). Thus, should the Court approve this Stipulation of Dismissal, the unnamed putative class members will be in the same position as they were at the time plaintiff filed its class action Complaint. The TCPA has a four-year statute of limitations. Plaintiff filed its Complaint on August 19, 2019.

7. As to the third *Diaz* factor, the Settlement does not resolve or concede any class interest nor demonstrate collusion to the detriment of the putative class. The Settlement is structured as an individual resolution of plaintiff's claims. Plaintiff ultimately did not seek to serve as a class representative, nor was it certified as a class representative. Thus, plaintiff was not empowered to, could not, and did not seek to settle or resolve class claims. The terms and conditions of the Settlement did not release claims of unnamed putative class members nor prejudice their rights.

8. Based on the *Diaz* factors, as described above, the terms and conditions of the Settlement, the absence of any collusion, and the lack of prejudice to unnamed putative class members, the parties do not believe that it is necessary to notify any such class members of the settlement.

WHEREFORE, the parties request that the Court enter the attached order (1) dismissing plaintiff's individual claims with prejudice; and (2) dismissing Plaintiff's class claims without prejudice.

DATED: December 13, 2019

EDWARDS POTTINGER LLC
SETH M. LEHRMAN

By: /s/ Seth M. Lehrman
    Seth M. Lehrman
    Attorneys for Plaintiff
    RETINA ASSOCIATES MEDICAL GROUP, INC.

DATED: December 13, 2019

ROBERT FREUND LAW
ROBERT FREUND

By: /s/ Robert Freund
    Robert Freund
    Attorneys for Defendants
    PICK RESEARCH SOLUTIONS, INC. and DAVID L. PICK